

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Southern Division*

---

| | | | |
|---|---|---|---|
| *Rajeev R. Raghavan* | *Mailing Address:* | *Office Location:* | DIRECT: 301-344-4031 |
| *Assistant United States Attorney* | *6500 Cherrywood Lane, Suite 200* | *6406 Ivy Lane, 8th Floor* | MAIN: 301-344-4433 |
| Rajeev.Raghavan@usdoj.gov | *Greenbelt, MD 20770-1249* | *Greenbelt, MD 20770-1249* | FAX: 301-344-4516 |

April 5, 2021

The Honorable Paul W. Grimm
United States District Judge
United States Courthouse
6500 Cherrywood Lane
Greenbelt, MD 20770

        Re:    *United States v. Kevin Lamont Reed*
              Crim No. PWG-20-68

Dear Judge Grimm:

      This letter is in aid of Defendant Kevin Lamont Reed's sentencing on April 13, 2021. The Defendant pled guilty on December 29, 2020, to the indictment charging him with Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1). The Defendant pled guilty pursuant to a Rule 11(c)(1)(C) plea agreement in which the parties stipulated and agreed that a sentence of 27 months in prison is the appropriate disposition of this case. The U.S. Probation Office also recommends the sentence agreed to by the parties.

      The factors set forth in 18 U.S.C. § 3553(a) support the parties' agreement. The stipulated facts detail the seriousness of the Defendant's offense. During the course of a traffic stop, when officers detected the Defendant's firearm, the Defendant ran from law enforcement. Upon removing the Defendant from the vehicle in which he was a passenger, an officer conducted a pat down of the Defendant after they observed a bulge in the Defendant's waistband area. While conducting the pat down, the Defendant pushed the officer who lost his balance and fell. The Defendant then proceeded to flee on foot and jumped a number of fences in the residential area. Once the Defendant had been apprehended, the Defendant admitted that he had a firearm on his person. Moreover, the Defendant asked the officer to hide the firearm because the Defendant could not "go back to jail." The Defendant's criminal history evidences why. The Defendant has a criminal history category of V. The Defendant has three separate Second Degree Assault convictions from Maryland state court. (PSR ¶¶ 29-31.) This is also not the Defendant's first conviction for unlawful firearm possession. In 2017, in the Superior Court for the District of Columbia, the Defendant was sentenced to 24 months, with all but 12 months suspended, for Unlawful Possession of a Firearm. (PSR ¶ 32.) The circumstances of the 2017 conviction mirror the facts in this case. The Defendant's vehicle was pulled over for a traffic violation, the officers observed the strong odor of alcoholic beverages and observed open containers of alcohol, the Defendant acted nervously, and when the Defendant was asked to step out of the vehicle he fled the scene and the officers observed a gun fall from the Defendant's person before the Defendant

was apprehended.  The Defendant was on probation for this conviction when he committed the instant offense.  (*Id.*)

A sentence of 27 months as recommended by the parties is twice the length of any of the Defendant's previous convictions.  Such a sentence is hopefully sufficient to serve as specific deterrence for the Defendant, so that he will choose not to re-engage in recidivist conduct when he is released from prison.  In light of the nature and circumstances of the offense and the Defendant's criminal history, this sentence is also sufficient to provide just punishment and respect for the law.  The Government recommends that the Court impose three years of supervised release and that the Court order substance abuse treatment for the Defendant.  Based on a review of the circumstances of the instant offense and the prior offense in the District of Columbia, it appears that the Defendant may have an alcohol abuse problem and could potentially benefit from treatment.

For these and other reasons to be presented at sentencing, the Government respectfully requests that the Court sentence the Defendant to 27 months in prison consistent with the terms of the Rule 11(c)(1)(C) plea agreement.  The Government also asks that the Court impose three years of supervised release.

Very truly yours,

Jonathan F. Lenzner
Acting United States Attorney

By: \_\_\_\_/s/_____
Rajeev R. Raghavan
Erin B. Pulice
Assistant United States Attorneys

cc:   John M. McKenna, Esq. (via CM/ECF)
      Nicholas G. Madiou, Esq. (via CM/ECF)
      U.S. Probation Officer Maria Schokman (via CM/ECF)